UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN WHEELER,<br><br>             Plaintiff,<br><br>vs.<br><br>KOOTENAI COUNTY,<br><br>             Defendant. | Case No. 1:22-cv-00532-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Petitioner Shawn Wheeler, a civil commitment detainee who has a pending criminal case in Kootenai County, Idaho, has filed a civil rights action challenging his prosecution, his civil commitment, and the manner in which the county allegedly is attempting to force him (via a criminal action) to sell his real property to the government or a developer. For the reasons set forth in this Order, Petitioner cannot proceed here. In general, a detainee must first challenge his claims in the appropriate state court action, including on appeal. If he is unsuccessful in state court (or if he meets a very narrow exception of showing extraordinary circumstances regarding his commitment or prosecution), he may file a new claim in federal court under 28 U.S.C. § 2241, the general habeas corpus statute, but not in a civil rights action under 42 U.S.C. § 1983, as he has done here.

      **1.**      **Standard of Law for Screening Complaints**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal*/*Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A pro se pleading may be dismissed without notice of the deficiencies and an opportunity to amend if a complaint "lacks merit entirely" and "cannot be saved" by amendment. *Id.*, at 1129.

To state a plausible civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### 2. Discussion of Claims Related to Plaintiff's State Criminal Action

Plaintiff's claim that he has been civilly committed because he will not plead guilty to a pending criminal misdemeanor charge, as well as his claim that Kootenai County is committing prosecutorial malfeasance in attempting to prosecute him for the purpose of forcing him to sell his real property, are defenses that should be asserted in his criminal case because they challenge the factual basis for his prosecution. See Case No. CR28-22-3345, *State of Idaho v. Shawn Thomas Wheeler*, in which he is charged with the crimes of battery and resisting or obstructing officers, arising from incidents on March 8, 2022. See https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0. A courtesy copy of this Order will be provided to Plaintiff's defense counsel in his pending Kootenai County criminal case, Patricia Louise Espeland. He cannot proceed here because federal court civil rights actions cannot interfere with ongoing state court criminal prosecutions. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (federal court abstention is required when there is a parallel pending state criminal proceeding).

### 3. Discussion of Claims that May Be Brought in Habeas Corpus, But Only After Proper Exhaustion in the State Court System or Showing of Extraordinary Circumstances

An unlawful detainer or civil commitment order issued in, or in conjunction with, a state court criminal matter, may be brought in a habeas corpus action under 28 U.S.C. § 2241, which gives federal courts jurisdiction to issue pretrial writs of habeas corpus to state criminal defendants in appropriate cases. *Braden v. 30th Judicial Circuit Court of Kentucky*,

410 U.S. 484 (1973). A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980). The exhaustion doctrine requires that a petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of § 2254 petitions). This means that a person in state custody must pursue his state court challenge of federal constitutional issues through the Idaho Supreme Court. If he is not granted relief after exhausting all state court remedies through the Idaho Supreme Court, he may then proceed to federal court.

A very limited exception to the exhaustion rule exists. A federal district court may issue a pretrial writ under § 2241 without a showing of exhaustion of state remedies only if a petitioner can show that "special circumstances" warrant federal intervention. *Id.* For example, extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or cases "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

The federal courts are not permitted to "supervise the administration of state criminal proceedings at every interlocutory stage." *New York ex rel. Epps v. Nenna*, 214 F.Supp. 102, 105 (D.N.Y. 1963). If this were true, such a procedure "would erase the exhaustion principle from among the canons of habeas corpus adjudication." *Id*. While alleged constitutional violations are of utmost concern to the federal district courts, the federal courts are mindful that the state courts must be given the first opportunity to correct

constitutional violations, in order to preserve the principles of comity and federalism. If a defendant is seeking to "derail a pending state criminal proceeding, and … he may be acquitted at trial," it is appropriate for a federal district court to postpone adjudication of his constitutional claims "until 'a time when federal jurisdiction will not seriously disrupt state judicial processes.'" *Neville v. Cavanagh*, 611 F.2d 673 (7th Cir.1979) (relying on *Braden*, 410 U.S. at 491, and quoting *United States ex rel Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979)).

Here, while Plaintiff's claims may be suitable for presentation in a § 2241 habeas corpus matter in federal court, he must first show he has presented his claims to the Idaho state courts, including the Idaho Supreme Court, before he can assert such claims in federal court. Or, if he believes he can meet the extraordinary circumstances exception that would allow him to proceed before exhausting his claims in state court, he must file a § 2241 action and provide sufficient facts showing that he should be permitted to proceed because his case demonstrates "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction or that he will suffer irreparable injury."

### 4. Discussion of Claims Presently Barred as Civil Rights Causes of Action

Plaintiff may not bring civil rights claims asserting that his civil commitment is invalid unless he has first properly invalidated his civil commitment in state court. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005) (because success of the detainee's § 1983 claim would necessarily imply the invalidity of his civil commitment,

the claim is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

### 5. Conclusion

Plaintiff's current remedy is to contest his civil commitment and his unlawful prosecution in the state court system, through the level of the Idaho Supreme Court, if necessary. Once he invalidates his commitment order and/or has his criminal charges dismissed, he may return to federal court to vindicate any remaining civil rights claims and damages. Or, he may attempt to file a § 2241 action in federal court if he believes he can meet the extraordinary circumstances exception.

### ORDER

**IT IS ORDERED**:

1. Plaintiff has not stated a claim upon which he can presently proceed. Amendment would not aid him to state a ripe claim. This case is dismissed without prejudice.

2. Plaintiff may file a § 2241 habeas corpus petition in a new case in federal court to challenge his civil commitment only if he can show he has presented his claims to the Idaho state courts, including the Idaho Supreme Court; or, if he believes he can meet the extraordinary circumstances exception that would allow him to proceed before exhausting his claims in state court.

3. Plaintiff's Motion for Appointment of a Public Defender (Dkt. 5) is DENIED. Congress has not authorized the use of federal public defenders in

civil rights actions. It does not appear that Plaintiff has a civil rights action that states a claim upon which he can proceed or that amendment would aid his claims, and therefore his request, construed as a request for appointment of pro bono counsel (Dkt. 5) is DENIED.

4. Plaintiff's In Forma Pauperis Application (Dkt. 3) is DENIED as MOOT.

5. The Clerk of Court shall mail a copy of this Order to Patricia Louise Espeland, Kootenai County Public Defender's Office, Dept. PD, PO Box 9000, Coeur d'Alene, ID 83816-9000, for informational purposes only.

DATED: March 1, 2023

_____
David C. Nye
Chief U.S. District Court Judge